IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

Robert Franklin Van Zandt,

    Debtor.

_____/

RONALD MAZZAFERRO,

    Plaintiff-Appellant,

  v.

WILLIAM PARISI, et al.,

    Defendants-Appellees.
_____/

Nos. C 14-0562 CW
     14-2084 CW
     14-3711 CW

Bk. Nos. 12-32655-HLB
     12-03240-HLB

ORDER AFFIRMING
BANKRUPTCY COURT

    Plaintiff-Appellant Ronald Mazzaferro has filed three appeals related to an adversary proceeding he initiated in the above captioned Chapter 7 bankruptcy proceeding.  Having considered the papers filed by the parties, the Court AFFIRMS the Bankruptcy Court's orders.

JURISDICTION AND STANDARD OF REVIEW

    The district court has jurisdiction over these appeals under 28 U.S.C. § 158(a).  The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact under the clearly erroneous standard.  Fed. R. Bankr. 8013; In re Wegner, 839 F.2d 533, 536 (9th Cir. 1988).

BACKGROUND

On September 17, 2012, Debtor Robert Franklin Van Zandt filed a voluntary Chapter 7 Petition. Bankruptcy Docket No. 1. On November 4, 2013, Plaintiff-Appellant Mazzaferro initiated the adversary proceeding at issue in these appeals, naming William Parisi, Edith Mazzaferri, Russell Stanaland, Lynn Searle, William Shea and Mansuetto Lenci as Defendants. In his complaint, he asserted six causes of action: (1) bankruptcy fraud, (2) breach of trust, (3) breach of fiduciary duty, (4) breach of contract, (5) malicious criminal prosecution, and (6) violation of the rules of professional conduct. Plaintiff-Appellant has not asserted that he is a creditor of the bankruptcy estate.

On January 17, 2014, the Bankruptcy Court granted Defendants-Appellees' motions to dismiss and, on January 31, 2014, Plaintiff-Appellant filed a notice of appeal regarding that order. On April 18, 2014, the Bankruptcy Court granted Defendant William Parisi's motion for sanctions and, on May 2, 2014, Plaintiff-Appellant filed a notice of appeal regarding the sanctions order. Finally, on August 1, 2014, the Bankruptcy Court entered a pre-filing order requiring Plaintiff-Appellant to seek leave of court prior to filing any future pro se filings in the Bankruptcy Court. On August 13, 2014, Plaintiff-Appellant filed a notice of appeal regarding the pre-filing order.

DISCUSSION

I. Dismissal of Adversary Proceeding

Plaintiff-Appellant first appeals the Bankruptcy Court's order granting Defendants-Appellees' motion to dismiss. In his opening brief, he appears to argue that because this Court now has

2

jurisdiction over his case, he is entitled to proceed as though his case was not dismissed by the Bankruptcy Court. Plaintiff-Appellant does not identify any error in the Bankruptcy Court's decision. Having reviewed the Bankruptcy Court's tentative ruling, which it adopted after hearing, the Court finds that the Bankruptcy Court correctly dismissed Plaintiff-Appellant's claims. Accordingly, the Court affirms the Bankruptcy Court's January 17, 2014 order granting Defendants-Appellees' motion to dismiss.

II. Sanctions Order

Plaintiff-Appellant next appeals the Bankruptcy Court's order granting Defendant Parisi's motion for sanctions. Plaintiff-Appellant argues that the order imposing sanctions is void because Parisi filed the motion after Plaintiff-Appellant filed his notice of appeal with respect to the order granting the motion to dismiss. While the filing of a timely notice of appeal generally has the effect of transferring jurisdiction from the bankruptcy court to the district court with respect to any matters involved in the appeal, Trulis v. Barton, 107 F.3d 685, 694-95 (9th Cir. 1995) (internal citations omitted), the filing of an appeal does not divest the lower court of authority to impose sanctions after the filing of a notice of appeal. In re Mirzai, 236 B.R. 8, 10 (B.A.P. 9th Cir. 1999). Accordingly, the Court affirms the Bankruptcy Court's April 18, 2014 order granting Defendant Parisi's motion for sanctions.

III. Pre-Filing Order

Finally, Plaintiff-Appellant appeals the Bankruptcy Court's August 1, 2014 order granting requiring him to seek leave prior to making any future pro se filings in the Bankruptcy Court.

3

Plaintiff-Appellant first argues that the Bankruptcy Court lacked jurisdiction to enter the order to show cause leading to the pre-filing order or the pre-filing order because he had already filed a notice of appeal.  However, as discussed above, the filing of a notice of appeal does not divest the lower court of authority to impose sanctions.  Likewise, the filing of a notice of appeal does not divest the lower court of authority to enter a pre-filing order.

Plaintiff-Appellant next argues that the Bankruptcy Court was barred by res judicata from entering the pre-filing order because it previously declined to enter such an order on January 17, 2014.  However, the Bankruptcy Court cited multiple instances of bad faith filings that occurred between the time it originally declined to enter a pre-filing order and the August 1, 2014 order.  The Bankruptcy Court was not revisiting a prior order.  Instead, it found that requirements for entering a pre-filing order had been established.

Next, Plaintiff-Appellant argues that the Court improperly entered the pre-filing order because there was insufficient evidence that he was abusing the judicial system to support the order.  However, in entering the pre-filing order, the Bankruptcy Court noted the following facts: (1) Plaintiff-Appellant "is neither a debtor, creditor, nor party-in-interest in the underlying bankruptcy case;" (2) Plaintiff-Appellant filed a ninety-five-page complaint seeking damages of $50,000,000 in the adversary proceeding, which it "found to have been filed in bad faith and with an improper purpose;" (3) Plaintiff-Appellant filed pro se involuntary bankruptcy petitions against Defendants-

4

Appellees Edith Mazzaferri and William Parisi, which Bankruptcy Judge Jaroslovsky "dismissed on the grounds that Plaintiff had no cognizable claim;" (4) Judge Jaroslovsky also found the involuntary petitions to be filed in bad faith.  NDCA Bankruptcy Court Case No. 13-3240, Docket No. 87.  Moreover at the show cause hearing, the Bankruptcy Court noted Plaintiff-Appellant's "history of litigation" and found that "it entail[ed] vexatious, harassing, [and] duplicative lawsuits" in the Bankruptcy Court and other courts.  Docket No. 7-2 at 15-16.  The Bankruptcy Court further noted that Plaintiff-Appellant had been declared a vexatious litigant in other courts.  The Court holds that these findings are sufficient to support the entry of the pre-filing order.  See De Long v. Hennessey, 912 F.3d 1144, 1147-48 (9th Cir. 1990).

CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's orders.

IT IS SO ORDERED.

Dated:  November 26, 2014

_____
CLAUDIA WILKEN
United States District Judge

5